IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20073-01-KHV |
| DAVID A. HUFFMAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### SENTENCING MEMORANDUM

On December 5, 2011, the Court revoked defendant's probation and sentenced him to ten years in prison followed by 20 years of supervised release. This memorandum memorializes the procedural history and the Court's oral findings regarding defendant's sentence upon revocation.

On June 17, 2009, a grand jury charged defendant with one count of distribution of child pornography (Count 1) in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography (Count 2) in violation of 18 U.S.C. § 2252(a)(4)(B). Indictment (Doc. #1). On February 26, 2010, defendant entered a conditional plea of guilty to Count 2 under Rule 11(c)(1)(C), Fed. R. Civ. P. The plea agreement provided for an agreed-upon sentence of 60 months probation, including a long-term residential recovery and rehabilitation program of 12 to 14 months with an additional six to 12 month transitional living program. Petition To Enter Plea Of Guilty (Doc. #24). The Court took under advisement the question whether to accept the plea agreement, ordered a presentence investigation report and set sentencing for May 18, 2010. See Doc. #23.

Meanwhile, on April 14, 2010, defendant's pretrial services officer filed a petition to revoke his pretrial release for violations of his GPS monitoring program and for possessing an internet cell phone with pornographic images. Doc. #27. On April 20, 2010 the Court revoked defendant's bond

and continued the matter to June 1, 2010. Doc. #28.

Beginning on June 1, 2010 and continuing on June 4 and June 23, 2010, the Court held a sentencing hearing. Docs. #32, 33, 35. The Court noted that the Presentence Investigation Report calculated a Total Offense Level of 33, and a Criminal History Category of I, for a guideline range of 135 to 168 months in prison. Presentence Investigation Report (Doc. #30). Because the maximum statutory sentence of ten years was less than the minimum of the guideline range, however, the guideline sentence was ten years. 18 U.S.C § 2252(b)(2); U.S.S.G. § 5G1.1.

On June 1, 2010, The Court expressed concern that the parties' agreed-upon sentence under Rule 11(c)(1)(C), Fed. R. Crim. P., was a significant variation from the guidelines sentence. The Court stated that "it's very unlikely that you'll persuade me this is an appropriate disposition especially given the sentences that other people routinely receive in similar situations in this court." Sentencing Transcript, June 1, 2010, at 4. The government responded that defendant was much younger and more immature than most child pornography defendants and that his pornography collection did not include violent images. Moreover, the government stated that "we also have [the] safeguard if he violates the term of this probation, he agrees to be immediately revoked and sent back to prison and there's no limit on what the Court can do at the time of a revocation." Id. at 8. The Court noted that defendant had already violated the conditions of his bond and did not seem to have come to terms with the seriousness of his conduct. The Court granted defendant's oral motion for a continuance to allow him to present expert testimony.

On June 4 and June 23, 2011, defendant presented testimony by Dr. Lara Mars and Dr. Steven Mandracchia regarding their psychological evaluations of defendant and their opinions on his potential for rehabilitation. During the hearing on June 4, 2011, counsel jointly pointed out

-2-

that the authorized term of probation was a maximum of five years. Counsel further confirmed, however, that if defendant violated the terms of a sentence of probation, upon revocation the Court would have the full entire range of punishments available and thus could sentence defendant up to the statutory maximum of ten years. Sentencing Transcript, June 4, 2010, at 46 (citing 18 U.S.C. § 3565(a)(2)).

On June 23, 2010, the Court accepted the plea agreement and engaged in a colloquy with defendant as follows:

> THE COURT: You understand that if I accept this Plea Agreement and allow you to participate in this program instead of taking you into prison for 120 months, that if you fall off the – fall off the track and mess up while you're in this program . . . you'll be standing right back here and that there won't be any second chances?
>
> DEFENDANT: I do. I understand completely.
>
> THE COURT: So the full range of punishment that I could give you today will still be available in the future.
>
> DEFENDANT: If I mess up, I deserve it.
>
> THE COURT: Okay. I'm going to remember you said that.

Sentencing Transcript, June 23, 2010, at 42-43.

On November 21, 2011, defendant's probation officer filed a violation report which alleged eight violations of defendant's conditions of probation. Petition And Order (Doc. #40). The probation officer recommended that the Court modify defendant's probation to include placement in a halfway house for up to 120 days and a condition that defendant submit to a search based upon reasonable suspicion of contraband or of a violation of a condition of release. Id.

On December 5, 2011, the Court held a revocation and sentencing hearing. Doc. #46. Defendant admitted to the allegations of the violation report, including that he had viewed adult

pornography on television, engaged in excessive use of alcohol, failed to report for random drug testing and failed to attend counseling and job training sessions.  The Court noted that defendant had received "an enormous break" on his original sentence, and opined that the Court had made a mistake in accepting the plea agreement against the advice of the probation officer.

The government noted defendant's negative attitude toward supervision and recommended a prison sentence of six months followed by supervision.  Defense counsel argued that defendant had not engaged in egregious violation of the terms of his probation and asked the Court to sentence him to placement in a halfway house.

Based on defendant's non-compliance from the beginning of his probation, however, the Court finds that only a significant period of prison time will address all of the objectives of federal sentencing law and the factors set forth in 18 U.S.C. § 3553(a).  The Court therefore revokes defendant's probation.  Relying on the statutory range for the original offense, the Court sentences defendant to ten years in custody followed by 20 years of supervised release.[1]  See 18 U.S.C. § 3565 (when district court revokes probation and imposes sentence, it may consider either Guidelines Policy Statement range for probation and supervised release or statutory sentence and Sentencing Guidelines range for underlying offense); United States v. Verkhoglyand, 516 F.3d 122, 135 (2d Cir. 2008) (although Guidelines policy statement advised five to 11 months for probation violation, 57 month sentence for probation violation substantively reasonable where statute authorized 10-year term for underlying offense); see also United States v. Shidler, 337 Fed. Appx. 772, 779 (10th Cir.

---

[1] The Court noted that at the time of sentencing, the parties had convinced the Court to accept the Rule 11(c)(1)(C) plea by pointing out that the Court would have the full range of sentencing options available if defendant violated the terms of his probation.

2009) (after court accepted Rule 11(c)(1)(C) plea and sentenced defendant to two months probation, defendant violated conditions and ultimately court sentenced him to six months in prison; Tenth Circuit rejected claim that sentence was substantively unreasonable).

Dated this 9th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge